## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S.R.J., | : |
| | : |
| Plaintiff, | : |
| | : |
| | : CIVIL ACTION NO. 2:21-cv-1863 |
| v. | : |
| | : |
| MARRIOTT INTERNATIONAL, INC., | : |
| VISTANA SIGNATURE EXPERIENCES, | : |
| INC., MARRIOTT WORLDWIDE | : |
| CORPORATION, MARRIOTT VACATIONS | : |
| WORLDWIDE CORPORATION, and ABC | : |
| CORPORATIONS NOS. 1-10., | : |
| | : |
| Defendants, | : |
| | : |

### DEFENDANTS' REBUTTAL TO PLAINTIFF'S OPPOSITION TO THEIR MOTION TO DISMISS BASED ON *FORUM NON CONVENIENS*

Defendants Marriott International, Inc., Vistana Signature Experiences, Inc., Marriott Worldwide Corporation, and Marriott Vacations Worldwide Corporation, by and through their undersigned counsel, Rebar Kelly, reply to Plaintiff's opposition to Defendants' Motion to Dismiss Based on *forum non conveniens*.

## I.     INTRODUCTION

In her Opposition, Plaintiff asks the Court to ignore the dictates of the law and the demands of justice. Specifically, she asks the Court to disregard the obvious (in)appropriateness of this venue and the obvious inconvenience to the parties, court, and juries should this matter proceed in this forum. Instead, in her desire to reach a deep pocket, Plaintiff demands that the Court rule in her favor based on inconsequential tangents designed to engender sympathy that bear no relevance to the true considerations at issue. Plaintiff's arguments fail not only as a matter of law, but further evidence that she is engaging in nothing more than blatant forum shopping. Her opposition

demands that the Court make a ruling that would dramatically prejudice the Defendants' ability to defend themselves. Regardless, Plaintiff's opposition fails to overcome the Defendants' overwhelming showing that it would be oppressive to litigate in the Western District of Pennsylvania what is ultimately a foreign matter with only threadbare ties to the United States, let alone this Court. Because an adequate alternative forum exists in Mexico, and all public and private interests weigh heavily in favor of dismissal, the Defendants' Motion to Dismiss must be granted.

II.   **PLAINTIFF FAILS TO ESTABLISH THAT HER CHOICE OF FORUM SHOULD BE HONORED.**

Plaintiff's status as a United States Citizen is not a dispositive factor in deciding a Motion to Dismiss. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255, at n. 23 (1981) (providing that citizen's forum choice is not given dispositive weight). Rather "**the touchstone inquiry regarding the level of deference owed [to] a plaintiff's choice of forum is <u>not the citizenship or residency</u> of the parties, but the convenience of the forum.**" *Kisano Trade & Invest Ltd. V. Lemster*, 737 F.3d 869, 875 (3d Cir. 2013) (emphasis added). The court will dismiss a case when the chosen forum would either oppress a defendant "out of all proportion to plaintiff's convenience" or cause the court "administrative and legal problems." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007) (internal citations omitted). Here, this matter both oppresses the Defendants well beyond the Australian-residing Plaintiff, and in addition creates legal and administrative issues for the Court, not the least of which is a conflict of laws issue.

The Defendants do not dispute that the Plaintiff is a United States citizen. However, given her long-term residence, employment, and romantic partnership in Australia, her selection of the Western District of Pennsylvania suggests that she elected to file this lawsuit in this venue as a result of forum shopping as opposed to convenience. The documents Plaintiff submitted in support of her alleged ties to the Western District show her connections are more transactional and

superficial than substantive. For example, the property Plaintiff owns in the Western District was transferred to her by her parents following the subject incident and following her retention of counsel. She does not reside at the property. This transaction suggests that Plaintiff is attempting to *post hac* manufacture connections to the Western District to support her forum shopping efforts. Courts have exercised the power to dismiss a case brought by a United States citizen based on *forum non conveniens* in nearly identical circumstances to the present on dozens of occasions. This is evidenced by the cases collected in Footnote 2 and Footnote C of the Defendants' original brief.

### III.   PLAINTIFF FAILS TO ESTABLISH THAT MEXICO IS NOT AN ADEQUATE ALTERNATIVE FORUM.

It is baseless for Plaintiff to claim that Mexico is not an adequate alternative forum. **Plaintiff has already filed and is presently maintaining a suit in Mexico concerning the exact incident that is the subject of this litigation.** *See,* Exhibit B to Motion to Dismiss. Given this, there is no credible argument that litigating her claims (and potentially joining the two suits) would pose any additional burden on Plaintiff.

Moreover, Plaintiff misunderstands the legal standard governing adequate alternative forum. She appears to believe a forum is not adequate if she does not approve of it. However, the law provides that an alternate forum is adequate when the defendant is amenable to process in that jurisdiction and the subject matter of the suit is cognizable in that jurisdiction." *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 180 (3d Cir. 1991). Underlying Exhibits D and E from Mexican Attorneys Raoul Chollet Rochin and Arturo Arista Garza set forth in detail that Plaintiff may bring suit and recover damages in a Mexican court for the subject matter complained of in the Amended Complaint. Underlying Exhibit F provides affidavits on behalf of all Defendants agreeing to accept service of process in Mexico. All elements required for Mexico to be deemed an adequate

alternative forum are unequivocally satisfied. Plaintiff's desire to forum shop does not render Mexico an inadequate forum.

**IV.**    **PLAINTIFF FAILS TO ESTABLISH THAT PRIVATE INTEREST MATTERS FAVOR SUIT REMAINING IN THE UNITED STATES.**

In her opposition, Plaintiff seeks to prejudice the Defendants by artificially restricting the scope of discovery and falsely claiming that certain liability matters have been bindingly decided. Specifically, Plaintiff claims that the allegations against the Hotel raised in the Mexican Complaint have been conclusively decided in her favor. This argument fails on two distinct grounds:

First, Plaintiff presents no authority to support the contention that any of the alleged facts raised in the Mexican action are deemed admitted. Without any citation to Mexican law, they are nothing more than unsupported statements that may be entirely false. There is no reason to credit same.

Second, Plaintiff cites no legal authority that the alleged findings or conclusions of a foreign court carry any weight, especially dispositive weight, in an action in the United States involving entirely different parties.

As such, the Defendants maintain that their right to explore all evidence concerning the matters in the Amended Complaint and their defenses to same, as permitted by Federal Rule of Civil Procedure 26(b)(7), have not been abridged in any manner by the pending legal proceedings in Mexico.

Plaintiff's arguments concerning the ability to conduct adequate discovery in the United State are purely focused on the discovery that she believes needs to be taken to support her cause. Glaringly absent is any consideration of the evidence the Defendants have identified as relevant to developing and presenting their defense, as set forth in their underlying brief. Accepting Plaintiff's argument in this regard would result in an irreparable bias against the Defendants by making it

oppressively burdensome and in some respects effectively impossible to obtain the critical discovery necessary to their case.

The vast majority of evidence the Defendants require to support their defenses is located in Mexico: including the physical premises of the Hotel, employees of the Hotel and the Spa, other witnesses, the Tourist Assistance Center (and its investigative and medical file), the Mexican police (and their investigative file), information concerning Plaintiff's Mexican action against the Hotel, contracts between the Hotel and Spa and other potential Mexican entities, and any information related to a criminal investigation of Chagoyan.

Plaintiff's proposed reliance on the use of video conferencing to obtain testimony fails on multiple grounds. First, it deprives the Defendants of the ability to assess potential key witnesses in person. Second, Plaintiff unjustifiably assumes that all potential witnesses will be accessible by video conferencing. While some witnesses may, there is no certainty that all witnesses located in a relatively rural area of Mexico will have such access.

Plaintiff also falsely maintains that venue in the Western District will not alter the parties' ability to compel testimony and evidence. However, even if Defendants are able to serve subpoenas on Mexican individuals and entities, this Honorable Court has little practical power to compel their attendance or production of documents. It is much more likely that such people and entities would respond to a subpoena or command from a Mexican court. Plaintiff also continues to falsely assert that the Defendants can compel the employees of the alleged tortfeasor(s) to appear for deposition. Plaintiff and this Court have been provided with multiple affidavits establishing that the Defendants did not directly operate the Hotel, nor operate the Spa, and that the Defendants did not employ any of the persons complained of in the Complaint. *See*, Underlying Exhibit A. There is no reason to believe the Defendants would be able to compel any such testimony.

Litigating all of Plaintiff's claims in Mexico would eliminate the incursion of unnecessary and significantly increased costs for all parties. For example, the hiring of local counsel in Mexico that speaks Spanish will allow counsel to speak directly with witnesses without a translator, facilitating the acquisition of evidence for all parties. It would also allow for local counsel, with the requisite local knowledge, to navigate Mexico's civil, criminal, police, and medical institutions. Trial in Mexico also eliminate the need to translate many of the documents listed above that are in the Spanish language. Should this matter remain in the United States, significant and unnecessarily duplicative expenses would result: for example, United States-based AND local Mexican counsel, and Spanish language documents translated into English.

## V.   PLAINTIFF FAILS TO ESTABLISH THAT PUBLIC INTEREST MATTERS FAVOR SUIT REMAINING IN THE UNITED STATES.

Plaintiff fails to meaningfully address the most significant public interest factor in the *forum non conveniens* analysis: that a conflict of law analysis will almost certainly result in Mexican law being applied to this action. The doctrine of *forum non conveniens* was "designed in part to help courts avoid conducting complex exercises in comparative law." *Piper Aircraft Co.*, 454 U.S. at 251. Thus, "the public interest factors point towards dismissal where the court would be required to "untangle problems in conflict of laws, and in law foreign to itself." *Id.* Here, the incident in question allegedly took place inside a Mexican spa, inside of a Mexican hotel (both operated by Mexican entities), and was allegedly committed by a Mexican citizen. Plaintiff purposefully availed herself of Mexican law by electing to vacation there. Further, Mexico has a strong interest in the outcome of this matter given its strong economic reliance on tourism. *See*, underlying Exhibit G.

WHEREFORE, Defendants Marriott International, Inc., Vistana Signature Experiences, Inc., Marriott Worldwide Corporation, and Marriott Vacations Worldwide Corporation continue

to respectfully request that this Honorable Court grant their Motion to Dismiss, with prejudice, consistent with the previously attached proposed Order.

RESPECTFULLY SUBMITTED:

BY: _____

Cathleen Kelly Rebar, Esquire
Julie A. Buonocore, Esquire
**REBAR KELLY**
470 Norristown Road, Suite 201
Blue Bell, Pennsylvania  19422
(T) 484-344-5340
(F) 484-344-5341
crebar@rebarkelly.com
jbuonocore@rebarkelly.com
*Counsel for Defendants Marriott*
*International, Inc., Vistana Signature*
*Experiences, Inc., Marriott Worldwide*
*Corporation, and Marriott Vacations*
*Worldwide Corporation*

Submitted July 19, 2022.